UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RENE CABALLERO LUNA (A-Number: 073-771-185),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-04610-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS

Docs. 1, 14

Petitioner Rene Caballero Luna is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering that petitioner be provided a bond hearing. Doc. 14 at 11. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id.* On September 1, 2026, respondents filed timely objections. Doc. 16. On September 10, 2026, petitioner filed a reply to respondents' objections. Doc. 19.

First, respondents object to the "conclusion that detention here has become prolonged, as there is no bright-line rule delineating when detention becomes prolonged." Doc. 16 at 1. But the findings and recommendations did not apply a bright-line rule. *See* Doc. 14. The findings and recommendations applied the three-part balancing test set forth in *Mathews v. Eldridge*, 424

U.S. 319, 335 (1976), to analyze "whether Petitioner's detention has become unreasonably prolonged such that due process requires a bond hearing." Doc. 14 at 7. Courts in this district have frequently applied the *Mathews* factors to determine whether a petitioner's detention under § 1226(c) has become unreasonably prolonged such that due process requires a bond hearing. *See, e.g.*, *Christian Medina Guel v. Chestnut*, No. 1:26-CV-0426-DAD-DMC-HC, 2026 WL 2267924, *3 (E.D. Cal. Aug. 6, 2026); *Rafael P. v. Warden of the Golden State Annex Detention Facility*, No. 1:25-cv-1738-DAD-JDP, 2026 WL 534408, *3 (E.D. Cal. Feb. 26, 2026); *Flores Jimenez v. Andrews*, No. 1:25-cv-01104-KES-HBK, 2026 WL 1040948, *3–4 (E.D. Cal. Apr. 16, 2026). The court finds that petitioner's detention has become unreasonably prolonged in violation of due process.

Second, respondents object to the "conclusion that Respondents must bear the burden by clear and convincing evidence at any such bond hearing," relying on *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). Doc. 16 at 2. But *Rodriguez Diaz* found that due process did not entitle a petitioner detained under § 1226(a) "to a *second bond hearing* at which the government bears the burden of proof by clear and convincing evidence[.]" 53 F.4th at 1203 (emphasis added). Here, in contrast, petitioner is subject to § 1226(c) and has been detained for over 12 months without any bond hearing. In such circumstances, as courts in this district have held, the burden is on the government to show by clear and convincing evidence that petitioner is not a flight risk or a danger. *See, e.g.*, *Singh v. Albarran*, No. 1:26-cv-00940-DC-DMC, 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026); *Russell v. Warden of the California City Immigration Processing Center*, No. 1:26-cv-01231-JLT-EPG-HC, 2026 WL 1481557, at *6–7 (E.D. Cal. May 27, 2026), *findings and recommendations adopted by* 2026 WL 2608237 (E.D. Cal. Sep. 3, 2026).

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections and petitioner's reply, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

///

The Court ORDERS:

1. The findings and recommendations, Doc. 14, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ORDERED to provide petitioner Rene Caballero Luna (A-Number: 073-771-185) with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
   a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
   b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
4. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand.
5. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing.
6. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

///

///

///

///

///

7. The Clerk of Court is directed to close this case and enter judgment for petitioner.

8. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 6, 2026

UNITED STATES DISTRICT JUDGE